388

**Mario Raul CARDONA–RODRIGUEZ,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–71271.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 14, 2004.

Mario Raul Cardona–Rodriguez, Fall-brook, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Office of Immigration Litigation Civil Division, Department of Justice, Paul Fiorino, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, ALARCÓN and
TROTT, Circuit Judges.

## MEMORANDUM **

Mario Raul Cardona–Rodriguez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ's") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision as the final agency decision. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review the IJ's factual findings under the substantial evidence standard, *Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003), and review de novo due process challenges to final orders of removal, *Colmenar v.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition.

Cardona–Rodriguez testified that drug traffickers attacked and shot him and his family after they reported an illegal drug delivery to the police. He contends that the traffickers attacked them because of an imputed "anti-drug trafficker political opinion."

Cardona–Rodriguez does not provide evidence to support his contention that an anti-drug stance would be perceived as political by the traffickers that attacked him. *See Sangha v. INS*, 103 F.3d 1482, 1489 (9th Cir.1997). Substantial evidence therefore supports the IJ's finding that Cardona–Rodriguez is not eligible for asylum or withholding of removal because his attackers were not motivated by a statutorily protected ground. *See id.* at 1486. Cardona–Rodriguez failed to raise in his opening brief, and therefore waived, the contention that he was attacked because of membership in a particular social group. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

Eligibility for asylum and withholding of removal also requires the source of persecution to be the government or persons the government is unwilling or unable to control. *See Avetova–Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir.2000). Substantial evidence supports the IJ's finding that Cardona–Rodriguez did not establish that the government of Guatemala is unable or unwilling to control the drug traffickers who attacked him. *See id.*

Cardona–Rodriguez also failed to raise, and therefore waived, his claim under the CAT. *See Martinez–Serrano*, 94 F.3d at 1259.

---

Cardona–Rodriguez's contention that the BIA's affirmance without opinion does not provide sufficient reasoning fails because the IJ's findings and determinations become the final agency decision. *See Falcon Carriche*, 350 F.3d at 851.

**PETITION FOR REVIEW DENIED.**